# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| CHANCE REED | : | DOCKET NO. 06-0037 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| TENNESSEE GAS PIPELINE CO. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand [doc. # 10].[1]

On December 9, 2005, Chance Reed filed the instant suit in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana. The suit alleges that while riding his all-terrain vehicle at night on the beach in Cameron Parish, Reed struck a concrete block-covered pipeline that traversed the beach and protruded four feet or more above the ground. (*See*, Petition for Damages). As a result of the impact, Reed was propelled onto the concrete and suffered serious injuries. (Petition, ¶¶ 22-25). Reed seeks recovery for resulting damages from Tennessee Gas Pipeline Company – the alleged owner or custodian of the pipeline at issue. (Petition).

On January 10, 2006, Tennessee Gas Pipeline Co. ("TGP") removed the case to federal court on two bases: 1) federal question jurisdiction, 28 U.S.C. § 1331, because federal regulation has so preempted the field that the case necessarily arises under federal law; and 2) jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b). *See*, Notice of

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

Removal, ¶ IV. On February 9, 2006, plaintiff filed the instant motion to remand [doc. # 10] due to lack of federal subject matter jurisdiction. The briefing period is complete, and the matter is now before the court.

## Discussion

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). In its opposition memorandum, TGP concedes that the court's original jurisdiction was improperly invoked on the basis of federal preemption of state law tort claims. (Opp. Memo., pg. 2). Instead, TGP argues solely that federal jurisdiction was conferred via OCSLA.

OCSLA's jurisdictional grant states that "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, . . ." 43 U.S.C.A. § 1349 (b)(1).[2] Despite the admittedly "broad grant of jurisdiction" conferred by OCSLA, it does have limits. TGP's proposed extension of OCSLA jurisdiction breaches those limits.

We emphasize that the instant accident occurred onshore and not on the outer continental

---

[2] Because OCSLA expressly invests jurisdiction in the United States District Courts, we need not consider the well-pleaded complaint rule. *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988). The petition does not invoke federal law.

shelf.[3] In *Mills v. Director, OWCP, U.S. Dept. of Labor*, the plaintiff was injured on land, while constructing an oil production platform destined for the outer continental shelf. *Mills v. Director, OWCP, U.S. Dept. of Labor*, 877 F.2d 356 (5th Cir. 1989)(*en banc*). A panel of the Fifth Circuit held that Mills qualified for workers compensation benefits under OCSLA because he would not have been injured "but for" operations on the outer continental shelf, and his work furthered the operations on the shelf. *Id.*, (citing, *Mills v. Director, OWCP*, 846 F.2d 1013 (5th Cir. 1988).

The Fifth Circuit, sitting *en banc*, reached a contrary result. *Id.* In so doing, the court recognized that none of § 1333 subsections purport to apply beyond the outer continental shelf. *Id.* The court stated that Congress intended to regulate the outer continental shelf, not areas already governed by state law. *Id.* The court further cited two Supreme Court decisions that recognized OCSLA's geographic constraints. *Id.* (*citing*, *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 217, 106 S.Ct. 2485, 2491 (1986); and *Herb's Welding v. Gray*, 470 U.S. 414, 105 S.Ct. 1421 (1985)).[4]

In sum, *Mills* held that § 1333(b) does not apply to injuries that do not occur on, or over the outer continental shelf. *Demette v. Falcon Drilling Co., Inc.* 280 F.3d 492, 496 (5th Cir. 2002). Moreover, there is no indication or argument that the result should differ for § 1333's other subsections or for the jurisdictional grant contained in § 1349. *See, Mills, supra; EP*

---

[3] The outer continental shelf lies seaward of the area beneath navigable waters. 43 U.S.C. § 1331(a). Navigable waters extend seaward to a line three geographical miles distant from the coast line of each state. *See*, 43 U.S.C. § 1301(2).

[4] "Because the fatalities underlying this suit did not arise from an accident *in the area covered by OCSLA* but rather occurred on the high seas, DOHSA plainly was intended to control." *Tallentire*, *supra* (emphasis added).

3

*Operating Ltd. Partnership v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994)(jurisdictional grant of § 1349 should be read co-extensively with the substantive reach of § 1333).

Accordingly, we find that OCSLA does not confer federal subject matter jurisdiction in this case. In the absence of federal subject matter jurisdiction, remand is required. 28 U.S.C. § 1447(c).

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 10] be GRANTED.

Under the provisions of 28 U.S.C. §636 (b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of April, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE